C
O
P
Y

Mr. J. H. Rasco, Executive Head
Livestock Sanitary Commission of Texas
2002 W.T. Waggoner Building
Fort Worth, Texas

Dear Sir:

Opinion No. 0-2945
Re: Authority of department head
to grant state employee 12
days paid vacation beginning
approximately three months
after the beginning of the
fiscal year.

We have your letter of December 2, 1940, in
which you ask our opinion upon the following question:

"One of our state employees wants
to take a 12 days paid vacation at
this time. The employee received bene-
fit of his vacation for the fiscal year
that ended August 31, 1940. Will it be
permissible to grant him a full annual
paid vacation at this time - approximate-
ly three months after the beginning of
the present fiscal year?"

The general rider appended to Senate Bill
No. 427, Acts 46th Legislature (the current biennial
appropriation act)provides:

"Department employees shall, without
deduction in salary, receive not exceed-
ing 12 days vacation, exclusive of Sundays
and legal holidays, on which State offices
are closed, for each State fiscal year,
such vacation period to be mutually agreed
upon by the head of each department with
his employees, provided, that employees
belonging to the Texas National Guard may
have their vacation at the time of the
meeting of the annual encampment. Pro-

Mr. J. H. Rasco, page 2

vided, that no employee for whom a salary is hereby appropriated, shall receive compensation while on vacation unless he or she has been an employee of the department for not less than six calendar months preceding the vacation period."

In our opinion, it will be permissible to grant a State employee a full annual paid vacation at any time within the fiscal year, provided that the employee has been an employee of the department for not less than six calendar months preceding the vacation period.

The statute does not expressly require that the six calendar months preceding the vacation period be in the same fiscal year as the vacation period, and we do not believe that such requirement should be implied. If it were requisite that each employee be employed in the same department for six calendar months preceding the vacation period in the same fiscal year, then necessarily all vacation periods would have to fall between March 1 and September 1 of each year. This might adversely affect the efficiency of the work of some departments, whose heaviest work may fall in the spring and summer months. The intention of the Legislature evidently was to allow the department head and his employees discretion in determining when vacation periods should be taken, provided that no paid vacation should be allowed until the employee has been in the employ of the same department for at least six months preceding such vacation period and that not more than 12 days paid vacation be allowed in any fiscal year.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ James P. Hart
Assistant

JPH:LW

APPROVED JAN 10, 1941

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND
APPROVED IN LIMITED CONFERENCE